dismissed, and, as so modified, the order should be affirmed, without costs.

The order and judgment (one paper) of the Supreme Court, New York County (TYLER, J.), entered October 23, 1975, denying petitioner-appellant's, Pedro Vazquez', petition for a judgment enjoining respondents from terminating his employment and directing respondents to appoint appellant as a Permanent Case Aide should be affirmed, without costs.

BIRNS, J. P., CAPOZZOLI and LANE, JJ., concur.

Judgment, Supreme Court, New York County entered on October 23, 1975, unanimously affirmed, without costs and without disbursements.

Judgment, Supreme Court, New York County entered on June 9, 1975, unanimously modified, on the law, to reverse said judgment insofar as it enjoined the termination of Goings and directed his reinstatement and hiring to the position of Permanent Case Aide, and the petition dismissed, and, as so modified, the judgment is affirmed, without costs and without disbursements.

In the Matter of ALAN HOCHBERG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 5, 1977

*James D. Porter, Jr.,* for petitioner.

No appearance on behalf of respondent.

*Per Curiam.* Respondent was admitted to the Bar in the First Department on June 23, 1967.

On December 15, 1976, respondent, after a jury trial, was

convicted in Supreme Court, Albany County, of the crimes of corrupt use of position or authority (Election Law, § 448), an attempt to commit the crime of fraudulently and wrongfully affecting the results of a primary election (Penal Law, § 110.00; Election Law, § 421, subd 5) and of unlawful fees and payments (Public Officers Law, § 77). He was thereafter sentenced to a term of imprisonment of one year with respect to the crimes of corrupt use of position or authority and unlawful fees and payments, and to a term of three months for the crime of an attempt to commit the crime of fraudulently and wrongfully affecting the results of a primary election, the sentences to run concurrently.

The crimes of corrupt use of position or authority and of unlawful fees and payments are felonies and pursuant to subdivision 1 of section 55.10 of the Penal Law such crimes are designated as class E felonies.

Petitioner Association of the Bar of the City of New York by petition seeks to have respondent's name stricken from the roll of attorneys. Such action is mandatory (Judiciary Law, § 90, subd 4).

The petition is granted and respondent's name is stricken from the roll of attorneys.

KUPFERMAN, J. P., MURPHY, LUPIANO, BIRNS and MARKEWICH, JJ., concur.

Respondent's name struck from the roll of attorneys and counselors at law in the State of New York.